Anton N. Handal (Bar No. 113812)
anh@handal-law.com
Gabriel G. Hedrick (Bar No. 220649)
ghedrick@handal-law.com
Lauren G. Kane (BAR NO. 286212)
lkane@handal-law.com
HANDAL & ASSOCIATES
750 B Street, Suite 2510
San Diego, CA 92101
Tel: (619) 544-6400
Fax: (619) 696-0323

Attorneys for Plaintiff
e.Digital Corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| e.Digital Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MivaTek International, Inc.,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff e.Digital Corporation ("e.Digital" or "Plaintiff"), by and through its undersigned counsel, complains and alleges against Defendant MivaTek International, Inc., formerly known as MivaTek Corporation and Oplink Communications, Inc., ("MivaTek" or "Defendant") as follows:

## NATURE OF THE ACTION

1. This is a civil action for infringement of a patent arising under the laws of the United States relating to patents, 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 271, 281. Plaintiff e.Digital seeks a preliminary and permanent injunction and monetary damages for patent infringement.

///

**JURISDICTION AND VENUE**

2. This court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a) and pursuant to the patent laws of the United States of America, 35 U.S.C. § 101, *et seq.*

3. Venue properly lies within the Northern District of California pursuant to the provisions of 28 U.S.C. §§ 1391(b), (c), and (d) and 1400(b). On information and belief, Defendant conducts substantial business directly and/or through third parties or agents in this judicial district by selling and/or offering to sell the infringing products and/or by conducting other business in this judicial district. Furthermore, Plaintiff is informed and believes that Defendant is headquartered and has its principal place of business in this district, engages in business in this district, and that Plaintiff has been harmed by Defendant's conduct, business transactions and sales in this district.

4. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant transacts continuous and systematic business within the State of California and the Northern District of California. In addition, this Court has personal jurisdiction over the Defendant because, on information and belief, this lawsuit arises out of Defendant's infringing activities, including, without limitation, the making, using, selling and/or offering to sell infringing products in the State of California and the Northern District of California. Finally, this Court has personal jurisdiction over Defendant because, on information and belief, Defendant has made, used, sold and/or offered for sale its infringing products and placed such infringing products in the stream of interstate commerce with the expectation that such infringing products would be made, used, sold and/or offered for sale within the State of California and the Northern District of California.

5. Upon information and belief, certain of the products manufactured by or for Defendant have been and/or are currently sold and/or offered for sale at, among other places, the MivaTek website located at https://store.mivatek.com to consumers including, but not limited to, consumers located within the State of California and this District.

///

**_HANDAL & ASSOCIATES_**
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

**PARTIES**

6. Plaintiff e.Digital is a Delaware corporation with its headquarters and principal place of business at 16870 West Bernardo Drive, Suite 120, San Diego, California 92127.

7. Upon information and belief, Defendant MivaTek is a corporation registered and lawfully existing under the laws of the State of Delaware, with an office and principal place of business located at 48460 Kato Road, Fremont, California 94538.

**THE ACCUSED PRODUCTS**

8. The Defendant's accused products for purposes of the asserted patents include but are not limited to sensor-based products and services, such as, without limitation, Defendant's door/window sensors, garage door tilt sensors, heat and fire/CO alarm sensors, cameras, motion sensors, remote key fobs, smart plugs, water leak sensors, activity tracking sensors, *et al.*, together with Defendant's MivaHome, MivaLife, MivaCare, MivaCloud and other server, mobile app, cloud and/or web-based services for remote monitoring and communication, and similar "Oplink" branded products and services (the "Accused Products").

9. By way of example, information about and demonstration videos showing how to infringe the asserted patents are posted by MivaTek on its website(s) at https://www.mivatek.com, including, but not limited to, https://www.mivatek.com/faq/, https://www.mivatek.com/resources/, on its YouTube sites at https://www.youtube.com/user/OplinkMI and https://www.youtube.com/channel/UC3uR1GTp3fDUAbuE5j5ng4Q, and on its social media sites such as https://www.facebook.com/MivaTek/?fref=ts. The Defendant advertises its infringing products and services at among other locations, https://www.mivatek.com/mivatek, http://www.amazon.com/MivaTek/b/ref=bl_dp_s_web_12674105011?ie=UTF8&node=12674105011&field-lbr_brands_browse-bin=MivaTek, and on the aforementioned social media web sites.

10. MivaTek also provides operating manuals, user or installation guides, "quick reference guides," instructional/informational videos on its website and other public websites that instruct customers and end-users on how to purchase the Accused Products and set them up

*HANDAL & ASSOCIATES*
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

in conjunction with the Defendant's servers, mobile apps, and/or web sites. Among other things, the Defendant provides informational materials that lays out step-by-step instructions on how to set up an apparatus or system that infringes the asserted claims of the asserted patents on its website including but no limited to the websites located on its website(s) at https://www.mivatek.com, including, but not limited to, https://www.mivatek.com/faq/, https://www.mivatek.com/resources/, on its YouTube sites at https://www.youtube.com/user/OplinkMI and https://www.youtube.com/channel/UC3uR1GTp3fDUAbuE5j5ng4Q, and on its social media sites such as https://www.facebook.com/MivaTek/?fref=ts.

11. Plaintiff believes and thereupon alleges that MivaTek is aware that its customers and end-users are using the accused products in an infringing manner based on, among other things: the discussions, questions, answers, and/or comments posted on its website, YouTube page, and/or it Twitter page (https://twitter.com/mivatekofficial), and/or Facebook page (https://www.facebook.com/MivaTek/?fref=ts) where MivaTek's authorized agents, customers and/or end-users discuss and disclose the use of the accused products, a process which MivaTek knows infringes upon the patents-in-suit; and/or, the fact that MivaTek encourages its customers and end-users to use the accused products in an infringing manner as set forth herein.

## THE ASSERTED PATENTS

12. On November 13, 2012, the United States and Trademark office duly and legally issued United States Patent No. 8,311,522, entitled "System and Method for Managing Mobile Communications" ("the '522 patent"). The patent's named invertor is Patrick Nunally and Plaintiff e.Digital is assignee and owner of the entire right, title and interest in and to the '522 patent and vested with the right to bring this suit for damages and other relief. A true and correct copy of the '522 patent is attached hereto as Exhibit "A."

13. On November 6, 2012, the United States and Trademark office duly and legally issued United States Patent No. 8,306,514, entitled "System and Method for Managing Mobile Communications" ("the '514 patent"). Although, issued one week earlier, the '514 patent is a continuation of the '522 patent. The patent's named invertor is Patrick Nunally and Plaintiff

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

e.Digital is assignee and owner of the entire right, title and interest in and to the ’514 patent and vested with the right to bring this suit for damages and other relief. A true and correct copy of the ’514 patent is attached hereto as Exhibit “B.”

14. On November 13, 2012, the United States and Trademark office duly and legally issued United States Patent No. 8,311,524, entitled “System and Method for Managing Mobile Communications” (“the ’524 patent”). The ’524 patent is a continuation of the ’522 patent. The patent’s named invertor is Patrick Nunally and Plaintiff e.Digital is assignee and owner of the entire right, title and interest in and to the ’524 patent and vested with the right to bring this suit for damages and other relief. A true and correct copy of the ’524 patent is attached hereto as Exhibit “C.”

15. On April 7, 2015, the United States Patent and Trademark office duly and legally issued United States Patent No. 9,002,331, entitled “System and Method for Managing Mobile Communications” (“the ’331 patent”), which is a continuation of the ’522 patent. Patrick Nunally is the sole named inventor and Plaintiff e.Digital is assignee and owner of the entire right, title and interest in and to the ’331 patent and vested with the right to bring this suit for damages and other relief. A true and correct copy of the ’331 patent is attached hereto as Exhibit “D.”

16. On November 3, 2015, the United States Patent and Trademark office duly and legally issued United States Patent No. 9,178,983, also entitled “System and Method of Managing Mobile Communications (“the ’983 patent”). The ’983 patent is a continuation of U.S. Patent No. 8,315,618, which is, in turn, a continuation of the ’522 patent. Patrick Nunally is the sole named inventor and Plaintiff e.Digital is assignee and owner of the entire right, title and interest in and to the ’983 patent and vested with the right to bring this suit for damages and other relief. A true and correct copy of the ’983 patent is attached hereto as Exhibit “E.”

## COUNT ONE

## INFRINGEMENT OF THE ’522 PATENT BY DEFENDANT

17. Plaintiff re-alleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 16 above.

***HANDAL & ASSOCIATES***
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

18. Defendant has knowledge of infringement of the ’522 patent since at least the filing of this complaint.

19. The accused products, alone or in combination with other products, directly or alternatively under the doctrine of equivalents practice each of the limitations of independent claim 17 and dependent claim 21 of the ’522 patent (hereafter “the asserted claims of the ‘522 patent”) in violation of 35 U.S.C. § 271(a) when Defendant demonstrates, tests or otherwise uses the accused products in the United States.

20. Plaintiff alleges that Defendant encourages others to directly infringe the asserted claims of the ‘522 patent by among other things, advertising and promoting the sale and use of the accused products in violation of 35 U.S.C. § 271(b) and (c) by knowingly inducing and contributing to the infringement of the ’522 patent by, amount other things, providing operating manuals, guides, instructional and/or informational videos and other materials designed to instruct others how to use the products in an infringing manner. In particular, Defendant’s product literature, materials and instructional videos advertise and encourage customers to use the accused product(s) for remote monitoring, which utilizes the devices described by the ’522 patent in a manner Defendant knows infringes the patent. As more fully set forth above in paragraphs 9, 10 and 11, Defendant’s informational materials lay out step-by-step instructions on how to set up an apparatus or system that infringes the asserted claims of the asserted patents.

21. Plaintiff thereupon alleges on information and belief that Defendant has, in the United States, without authority, actively induced and continues to actively induce infringement of the asserted claims of the ‘522 patent in violation of 35 U.S.C. § 271(b) by among other things posting information about and demonstration videos showing how to infringe the asserted patents as more specifically set forth above in paragraphs 9, 10 and 11.

22. Plaintiff similarly alleges upon information and belief that, without authority, Defendant has contributed and continues to contribute to the infringement of the asserted claims of the ‘522 patent in violation of 35 U.S.C. § 271(c) by importing into the United States, selling and/or offering to sell within the United States accused products, that at a minimum include wireless camera and/or other sensor products together with remote monitoring and

communication systems constituting material components of the accused products, that Defendant knows were made and/or especially adapted for use in the accused products and/or are especially adapted for use in infringing the asserted claims of the ‘522 patent; and which are not otherwise staple articles of commerce suitable for substantial use in a manner that does not infringe the asserted claims of the ‘522 patent.

23. Plaintiff is informed and believes that Defendant intentionally sells, ships or otherwise delivers the accused products in the United States, with knowledge that are designed to and do practice the infringing features of the asserted claims of the ’522 patent.

24. Plaintiff is without an adequate remedy at law and has thus been irreparably harmed by these acts of infringement. Plaintiff asserts upon information and belief that infringement of the asserted claims of the ‘522 patent is continuous and ongoing unless and until Defendant is enjoined from further infringement by the court.

## COUNT TWO

## INFRINGEMENT OF THE ’514 PATENT BY DEFENDANT

25. Plaintiff re-alleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 16 above.

26. Defendant has knowledge of infringement of the ’514 patent since at least the filing of this complaint.

27. The accused products, alone or in combination with other products, directly or alternatively under the doctrine of equivalents practice each of the limitations of independent claim 34 and dependent claim 35 of the ’514 patent (hereafter “the asserted claims of the ‘514 patent”) in violation of 35 U.S.C. § 271(a) when Defendant demonstrates, tests or otherwise uses the accused products in the United States.

28. Plaintiff alleges that Defendant encourages others to directly infringe the asserted claims of the ‘514 patent by among other things, advertising and promoting the sale and use of the accused products in violation of 35 U.S.C. § 271(b) and (c) by knowingly inducing and contributing to the infringement of the ’514 patent by, amount other things, providing operating manuals, guides, instructional and/or informational videos and other materials designed to

instruct others how to use the products in an infringing manner. In particular, Defendant's product literature, materials and instructional videos advertise and encourage customers to use the accused product(s) for remote monitoring, which utilizes the devices described by the '514 patent in a manner Defendant knows infringes the patent. As more fully set forth above in paragraphs 9, 10 and 11, Defendant's informational materials lay out step-by-step instructions on how to set up an apparatus or system that infringes the asserted claims of the asserted patents.

29. Plaintiff thereupon alleges on information and belief that Defendant has, in the United States, without authority, actively induced and continues to actively induce infringement of the asserted claims of the '514 patent in violation of 35 U.S.C. § 271(b) by among other things posting information about and demonstration videos showing how to infringe the asserted patents as more specifically set forth above in paragraphs 9, 10 and 11.

30. Plaintiff similarly alleges upon information and belief that, without authority, Defendant has contributed and continues to contribute to the infringement of the asserted claims of the '514 patent in violation of 35 U.S.C. § 271(c) by importing into the United States, selling and/or offering to sell within the United States accused products, that at a minimum include wireless camera and/or other sensor products together with remote monitoring and communication systems constituting material components of the accused products, that Defendant knows were made and/or especially adapted for use in the accused products and/or are especially adapted for use in infringing the asserted claims of the '514 patent; and which are not otherwise staple articles of commerce suitable for substantial use in a manner that does not infringe the asserted claims of the '514 patent.

31. Plaintiff is informed and believes that Defendant intentionally sells, ships or otherwise delivers the accused products in the United States, with knowledge that are designed to and do practice the infringing features of the asserted claims of the '514 patent.

32. Plaintiff is without an adequate remedy at law and has thus been irreparably harmed by these acts of infringement. Plaintiff asserts upon information and belief that infringement of the asserted claims of the '514 patent is continuous and ongoing unless and until Defendant is enjoined from further infringement by the court.

***HANDAL & ASSOCIATES***
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

**COUNT THREE**

**INFRINGEMENT OF THE ’524 PATENT BY DEFENDANT**

33. Plaintiff re-alleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 16 above.

34. Defendant has knowledge of infringement of the ’524 patent since at least the filing of this complaint.

35. The accused products, alone or in combination with other products, directly or alternatively under the doctrine of equivalents practice each of the limitations of independent claim 1 and dependent claims 10 and 18 of the ’524 patent (hereafter “the asserted claims of the ‘524 patent”) in violation of 35 U.S.C. § 271(a) when Defendant demonstrates, tests or otherwise uses the accused products in the United States.

36. Plaintiff alleges that Defendant encourages others to directly infringe the asserted claims of the ‘524 patent by among other things, advertising and promoting the sale and use of the accused products in violation of 35 U.S.C. § 271(b) and (c) by knowingly inducing and contributing to the infringement of the ’524 patent by, amount other things, providing operating manuals, guides, instructional and/or informational videos and other materials designed to instruct others how to use the products in an infringing manner. In particular, Defendant’s product literature, materials and instructional videos advertise and encourage customers to use the accused product(s) for remote monitoring, which utilizes the devices described by the ’524 patent in a manner Defendant knows infringes the patent. As more fully set forth above in paragraphs 9, 10 and 11, Defendant’s informational materials lay out step-by-step instructions on how to set up an apparatus or system that infringes the asserted claims of the asserted patents.

37. Plaintiff thereupon alleges on information and belief that Defendant has, in the United States, without authority, actively induced and continues to actively induce infringement of the asserted claims of the ‘524 patent in violation of 35 U.S.C. § 271(b) by among other things posting information about and demonstration videos showing how to infringe the asserted patents as more specifically set forth above in paragraphs 9, 10 and 11.

38. Plaintiff similarly alleges upon information and belief that, without authority,

*HANDAL & ASSOCIATES*
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

Defendant has contributed and continues to contribute to the infringement of the asserted claims of the '524 patent in violation of 35 U.S.C. § 271(c) by importing into the United States, selling and/or offering to sell within the United States accused products, that at a minimum include wireless camera and/or other sensor products together with remote monitoring and communication systems constituting material components of the accused products, that Defendant knows were made and/or especially adapted for use in the accused products and/or are especially adapted for use in infringing the asserted claims of the '524 patent; and which are not otherwise staple articles of commerce suitable for substantial use in a manner that does not infringe the asserted claims of the '524 patent.

39. Plaintiff is informed and believes that Defendant intentionally sells, ships or otherwise delivers the accused products in the United States, with knowledge that are designed to and do practice the infringing features of the asserted claims of the '524 patent.

40. Plaintiff is without an adequate remedy at law and has thus been irreparably harmed by these acts of infringement. Plaintiff asserts upon information and belief that infringement of the asserted claims of the '524 patent is continuous and ongoing unless and until Defendant is enjoined from further infringement by the court.

**COUNT FOUR**

**INFRINGEMENT OF THE '331 PATENT BY DEFENDANT**

41. Plaintiff re-alleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 16 above.

42. Defendant has knowledge of infringement of the '331 patent since at least the filing of this complaint.

43. The accused products, alone or in combination with other products, directly or alternatively under the doctrine of equivalents practice each of the limitations of independent claim 1 and dependent claims 2, 3 and 11 of the '331 patent (hereafter "the asserted claims of the '331 patent") in violation of 35 U.S.C. § 271(a) when Defendant demonstrates, tests or otherwise uses the accused products in the United States.

44. Plaintiff alleges that Defendant encourages others to directly infringe the asserted

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

claims of the ‘331 patent by among other things, advertising and promoting the sale and use of the accused products in violation of 35 U.S.C. § 271(b) and (c) by knowingly inducing and contributing to the infringement of the ’331 patent by, amount other things, providing operating manuals, guides, instructional and/or informational videos and other materials designed to instruct others how to use the products in an infringing manner. In particular, Defendant's product literature, materials and instructional videos advertise and encourage customers to use the accused product(s) for remote monitoring, which utilizes the devices described by the ’331 patent in a manner Defendant knows infringes the patent. As more fully set forth above in paragraphs 9, 10 and 11, Defendant's informational materials lay out step-by-step instructions on how to set up an apparatus or system that infringes the asserted claims of the asserted patents.

45. Plaintiff thereupon alleges on information and belief that Defendant has, in the United States, without authority, actively induced and continues to actively induce infringement of the asserted claims of the ‘331 patent in violation of 35 U.S.C. § 271(b) by among other things posting information about and demonstration videos showing how to infringe the asserted patents as more specifically set forth above in paragraphs 9, 10 and 11.

46. Plaintiff similarly alleges upon information and belief that, without authority, Defendant has contributed and continues to contribute to the infringement of the asserted claims of the ‘331 patent in violation of 35 U.S.C. § 271(c) by importing into the United States, selling and/or offering to sell within the United States accused products, that at a minimum include wireless camera and/or other sensor products together with remote monitoring and communication systems constituting material components of the accused products, that Defendant knows were made and/or especially adapted for use in the accused products and/or are especially adapted for use in infringing the asserted claims of the ‘331 patent; and which are not otherwise staple articles of commerce suitable for substantial use in a manner that does not infringe the asserted claims of the ‘331 patent.

47. Plaintiff is informed and believes that Defendant intentionally sells, ships or otherwise delivers the accused products in the United States, with knowledge that are designed to and do practice the infringing features of the asserted claims of the ’331 patent.

***HANDAL & ASSOCIATES***
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

48. Plaintiff is without an adequate remedy at law and has thus been irreparably harmed by these acts of infringement. Plaintiff asserts upon information and belief that infringement of the asserted claims of the ‘331 patent is continuous and ongoing unless and until Defendant is enjoined from further infringement by the court.

**COUNT FIVE**

**INFRINGEMENT OF THE ’983 PATENT BY DEFENDANT**

49. Plaintiff re-alleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 16 above.

50. Defendant has knowledge of infringement of the ’983 patent since at least the filing of this complaint.

51. The accused products, alone or in combination with other products, directly or alternatively under the doctrine of equivalents practice each of the limitations of independent claims 1 and 20 and dependent claims 13, 14, 16, and 19 of the ’983 patent (hereafter “the asserted claims of the ‘983 patent”) in violation of 35 U.S.C. § 271(a) when Defendant demonstrates, tests or otherwise uses the accused products in the United States.

52. Plaintiff alleges that Defendant encourages others to directly infringe the asserted claims of the ‘983 patent by among other things, advertising and promoting the sale and use of the accused products in violation of 35 U.S.C. § 271(b) and (c) by knowingly inducing and contributing to the infringement of the ’983 patent by, amount other things, providing operating manuals, guides, instructional and/or informational videos and other materials designed to instruct others how to use the products in an infringing manner. In particular, Defendant’s product literature, materials and instructional videos advertise and encourage customers to use the accused product(s) for remote monitoring, which utilizes the devices described by the ’983 patent in a manner Defendant knows infringes the patent. As more fully set forth above in paragraphs 9, 10 and 11, Defendant’s informational materials lay out step-by-step instructions on how to set up an apparatus or system that infringes the asserted claims of the asserted patents.

53. Plaintiff thereupon alleges on information and belief that Defendant has, in the United States, without authority, actively induced and continues to actively induce infringement

***HANDAL & ASSOCIATES***
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

of the asserted claims of the ‘983 patent in violation of 35 U.S.C. § 271(b) by among other things posting information about and demonstration videos showing how to infringe the asserted patents as more specifically set forth above in paragraphs 9, 10 and 11.

54. Plaintiff similarly alleges upon information and belief that, without authority, Defendant has contributed and continues to contribute to the infringement of the asserted claims of the ‘983 patent in violation of 35 U.S.C. § 271(c) by importing into the United States, selling and/or offering to sell within the United States accused products, that at a minimum include wireless camera and/or other sensor products together with remote monitoring and communication systems constituting material components of the accused products, that Defendant knows were made and/or especially adapted for use in the accused products and/or are especially adapted for use in infringing the asserted claims of the ‘983 patent; and which are not otherwise staple articles of commerce suitable for substantial use in a manner that does not infringe the asserted claims of the ‘983 patent.

55. Plaintiff is informed and believes that Defendant intentionally sells, ships or otherwise delivers the accused products in the United States, with knowledge that are designed to and do practice the infringing features of the asserted claims of the ’983 patent.

56. Plaintiff is without an adequate remedy at law and has thus been irreparably harmed by these acts of infringement. Plaintiff asserts upon information and belief that infringement of the asserted claims of the ‘983 patent is continuous and ongoing unless and until Defendant is enjoined from further infringement by the court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment as follows:

1. That Defendant has infringed the Patents-in-Suit;

2. That Defendant, Defendant’s officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, be preliminarily and permanently enjoined from infringement of the Patents-in-Suit, including but not limited to any making, using, offering for sale, selling, or importing of unlicensed infringing products within and without the United States;

***HANDAL & ASSOCIATES***
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

3. Compensation for all damages caused by Defendant's infringement of the Patents-in-Suit to be determined at trial;

4. A finding that this case is exceptional and an award of reasonable attorneys fees pursuant to 35 U.S.C. § 285;

5. Granting Plaintiff pre-and post-judgment interest on its damages, together with all costs and expenses; and,

6. Awarding such other relief as this Court may deem just and proper.

HANDAL & ASSOCIATES

Dated: December 17, 2015

By: /s/ Gabriel G. Hedrick
Gabriel G. Hedrick
Lauren G. Kane
Anton N. Handal
Attorneys for Plaintiff
e.Digital Corporation

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all claims.

HANDAL & ASSOCIATES

Dated: December 17, 2015

By: /s/ Gabriel G. Hedrick
Gabriel G. Hedrick
Lauren G. Kane
Anton N. Handal
Attorneys for Plaintiff
e.Digital Corporation

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on this date to all counsel of record, if any to date, who are deemed to have consented to electronic service via the Court's CM/ECF system per CivLR 5.4(d). Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery upon their appearance in this matter.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed this 17th day of December, 2015 at San Diego, California.

HANDAL & ASSOCIATES

Dated: December 17, 2015

By: /s/ Gabriel G. Hedrick
Gabriel G. Hedrick

*HANDAL & ASSOCIATES*
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323