Anton Handal (SBN 113812)
anh@handal-law.com
Gabriel Hedrick (SBN 220649)
ghedrick@handal-law.com
Lauren Kane (SBN 286212)
lkane@handal-law.com
HANDAL & ASSOCIATES
750 B Street, Suite 2510
San Diego, California 92101
Tel: (619) 544-6400
Fax: (619) 696-0323

Attorneys for Plaintiff
e.Digital Corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| e.Digital Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MivaTek International, Inc.,<br><br>Defendant. | Case Number: 3:15-cv-05795-JST<br><br>**PLAINTIFF AND COUNTER-DEFENDANT E.DIGITAL CORPORATION'S ANSWER TO COUNTERCLAIMS; DEMAND FOR JURY TRIAL**<br><br>Assigned to the Hon. Jon S. Tigar |

Plaintiff and Counter-Defendant e.Digital Corporation ("Plaintiff" or "e.Digital"), hereby answers the Counterclaims of Defendant and Counterclaimant MivaTek International, Inc. ("Defendant" or "MivaTek") (ECF No. 17) as follows:

**THE PARTIES**

1. Admitted.

2. Admitted.

**JURISDICTION AND VENUE**

3. Admitted.

4. e.Digital admits that MivaTek purports to seek a judgment declaring that MivaTek has not infringed United States Patent Nos. 8,311,522, 8,306,514, 8,311,524, 9,002,331 and

9,178,983 (the "Asserted Patents), and that it purports to seek a judgment that the Asserted Patents are invalid and unenforceable. Except as expressly admitted, any other allegations contained in ¶ 4 of the Counterclaims is denied.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

**FIRST CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,311,522)**

9. e.Digital incorporates by reference its answers to Paragraphs 1 through 8 to the Counterclaims as if fully set forth herein.

10. Admitted.

11. Admitted.

12. Admitted.

13. e.Digital denies each and every allegation contained in ¶ 13 of the Counterclaims.

14. e.Digital admits that an actual and justiciable controversy exists as alleged in ¶ 14 of the Counterclaims. Except as expressly admitted, e.Digital denies each and every remaining allegation contained in ¶ 14 of the Counterclaims.

15. e.Digital admits that MivaTek purports to seek a judicial determination and declaration of the respective rights and duties of the parties as alleged in ¶ 15 of the Counterclaims. Except as expressly admitted, e.Digital denies each and every remaining allegation contained in ¶ 15 of the Counterclaims.

**SECOND CLAIM FOR RELIEF**

**(Declaratory Judgment of Invalidity of U.S. Patent No. 8,311,522)**

16. e.Digital incorporates by reference its answers to Paragraphs 1 through 15 to the Counterclaims as if fully set forth herein.

17. e.Digital denies each and every allegation contained in ¶ 17 of the Counterclaims.

18. e.Digital admits that MivaTek purports to seek a judicial determination and

declaration of the respective rights and duties of the parties as alleged in ¶ 18 of the Counterclaims. Except as expressly admitted, e.Digital denies each and every remaining allegation contained in ¶ 18 of the Counterclaims.

**THIRD CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,306,514)**

19. e.Digital incorporates by reference its answers to Paragraphs 1 through 18 to the Counterclaims as if fully set forth herein.

20. Admitted.

21. Admitted.

22. Admitted.

23. e.Digital denies each and every allegation contained in ¶ 23 of the Counterclaims.

24. e.Digital admits that an actual and justiciable controversy exists as alleged in ¶ 24 of the Counterclaims. Except as expressly admitted, e.Digital denies each and every remaining allegation contained in ¶ 24 of the Counterclaims.

25. e.Digital admits that MivaTek purports to seek a judicial determination and declaration of the respective rights and duties of the parties as alleged in ¶ 25 of the Counterclaims. Except as expressly admitted, e.Digital denies each and every remaining allegation contained in ¶ 25 of the Counterclaims.

**FOURTH CLAIM FOR RELIEF**

**(Declaratory Judgment of Invalidity of U.S. Patent No. 8,306,514)**

26. e.Digital incorporates by reference its answers to Paragraphs 1 through 25 to the Counterclaims as if fully set forth herein.

27. e.Digital denies each and every allegation contained in ¶ 27 of the Counterclaims.

28. e.Digital admits that MivaTek purports to seek a judicial determination and declaration of the respective rights and duties of the parties as alleged in ¶ 28 of the Counterclaims. Except as expressly admitted, e.Digital denies each and every remaining allegation contained in ¶ 28 of the Counterclaims.

///

**FIFTH CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,311,524)**

29. e.Digital incorporates by reference its answers to Paragraphs 1 through 28 to the Counterclaims as if fully set forth herein.

30. Admitted.

31. Admitted.

32. Admitted.

33. e.Digital denies each and every allegation contained in ¶ 33 of the Counterclaims.

34. e.Digital admits that an actual and justiciable controversy exists as alleged in ¶ 34 of the Counterclaims. Except as expressly admitted, e.Digital denies each and every remaining allegation contained in ¶ 34 of the Counterclaims.

35. e.Digital admits that MivaTek purports to seek a judicial determination and declaration of the respective rights and duties of the parties as alleged in ¶ 35 of the Counterclaims. Except as expressly admitted, e.Digital denies each and every remaining allegation contained in ¶ 35 of the Counterclaims.

**SIXTH CLAIM FOR RELIEF**

**(Declaratory Judgment of Invalidity of U.S. Patent No. 8,311,524)**

36. e.Digital incorporates by reference its answers to Paragraphs 1 through 35 to the Counterclaims as if fully set forth herein.

37. e.Digital denies each and every allegation contained in ¶ 37 of the Counterclaims.

38. e.Digital admits that MivaTek purports to seek a judicial determination and declaration of the respective rights and duties of the parties as alleged in ¶ 38 of the Counterclaims. Except as expressly admitted, e.Digital denies each and every remaining allegation contained in ¶ 38 of the Counterclaims.

**SEVENTH CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,002,331)**

39. e.Digital incorporates by reference its answers to Paragraphs 1 through 38 to the Counterclaims as if fully set forth herein.

40. Admitted.

41. Admitted.

42. Admitted.

43. e.Digital denies each and every allegation contained in ¶ 43 of the Counterclaims.

44. e.Digital admits that an actual and justiciable controversy exists as alleged in ¶ 44 of the Counterclaims. Except as expressly admitted, e.Digital denies each and every remaining allegation contained in ¶ 44 of the Counterclaims.

45. e.Digital admits that MivaTek purports to seek a judicial determination and declaration of the respective rights and duties of the parties as alleged in ¶ 45 of the Counterclaims. Except as expressly admitted, e.Digital denies each and every remaining allegation contained in ¶ 45 of the Counterclaims.

**EIGHTH CLAIM FOR RELIEF**

**(Declaratory Judgment of Invalidity of U.S. Patent No. 9,002,331)**

46. e.Digital incorporates by reference its answers to Paragraphs 1 through 45 to the Counterclaims as if fully set forth herein.

47. e.Digital denies each and every allegation contained in ¶ 47 of the Counterclaims.

48. e.Digital admits that MivaTek purports to seek a judicial determination and declaration of the respective rights and duties of the parties as alleged in ¶ 48 of the Counterclaims. Except as expressly admitted, e.Digital denies each and every remaining allegation contained in ¶ 48 of the Counterclaims.

**NINTH CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,178,983)**

49. e.Digital incorporates by reference its answers to Paragraphs 1 through 48 to the Counterclaims as if fully set forth herein.

50. Admitted.

51. Admitted.

52. Admitted.

53. e.Digital denies each and every allegation contained in ¶ 53 of the Counterclaims.

54. e.Digital admits that an actual and justiciable controversy exists as alleged in ¶ 54 of the Counterclaims. Except as expressly admitted, e.Digital denies each and every remaining allegation contained in ¶ 54 of the Counterclaims.

55. e.Digital admits that MivaTek purports to seek a judicial determination and declaration of the respective rights and duties of the parties as alleged in ¶ 55 of the Counterclaims. Except as expressly admitted, e.Digital denies each and every remaining allegation contained in ¶ 55 of the Counterclaims.

**TENTH CLAIM FOR RELIEF**

**(Declaratory Judgment of Invalidity of U.S. Patent No. 9,178,983)**

56. e.Digital incorporates by reference its answers to Paragraphs 1 through 55 to the Counterclaims as if fully set forth herein.

57. e.Digital denies each and every allegation contained in ¶ 57 of the Counterclaims.

58. e.Digital admits that MivaTek purports to seek a judicial determination and declaration of the respective rights and duties of the parties as alleged in ¶ 58 of the Counterclaims. Except as expressly admitted, e.Digital denies each and every remaining allegation contained in ¶ 58 of the Counterclaims.

**MIVATEK'S PRAYER FOR RELIEF**

Because Mivatek's prayer for relief does not state any allegation, no response by e.Digital is required. However, e.Digital denies that the MivaTek is entitled to any relief whatsoever, including any relief requested in ¶¶ 1 through 6 of the Prayer for Relief portion of the Counterclaims.

**HANDAL & ASSOCIATES**

Dated: April 11, 2016

By: */s/ Gabriel G. Hedrick*
Gabriel G. Hedrick
Attorneys for Plaintiff and Counter-Defendant
e.Digital Corporation

**DEMAND FOR JURY TRIAL**

Plaintiff and Counterclaimant, e.Digital Corporation, hereby demands a trial by jury on all claims asserted by Defendant and Counterclaimant in its Answer and Counterclaims (ECF No. 17).

**HANDAL & ASSOCIATES**

Dated: April 11, 2016 By: *[/s/ Gabriel G. Hedrick](#)*

Gabriel G. Hedrick
Attorneys for Plaintiff and Counter-Defendant
e.Digital Corporation

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on this date to all counsel of record, if any to date, who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery upon their appearance in this matter.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed this 11th day of April, 2016 at San Diego, California.

*/s/ Gabriel G. Hedrick*
Gabriel G. Hedrick